# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **Case Nos.:  3:08cr79/MCR**
                                                            **3:13cv306/MCR/CJK**

**MICHAEL GUY LEONARD**

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon the Government's motion to dismiss (doc. 1766) Defendant's motion to vacate, set aside, or correct sentence (doc. 1762), which was filed, along with a memorandum in support, on May 3, 2013 pursuant to the prison mailbox rule[1] (*see id*. at 13)).  Also before the court is Defendant's response to the Government's motion to dismiss (doc. 1770).

Defendant was sentenced after a jury trial to a total term of 108 months imprisonment for conspiracy to defraud the United States and commit wire fraud, as well as conspiracy to commit money laundering (docs. 1306, 1317, 1328).[2]  The court did not assess a fine in light of the anticipated restitution (doc. 1328 at 22).  Judgment

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

[2] This sentence was significantly below the applicable guidelines range of 235 to 293 months (doc. 1328 at 13, 19–20).

was entered on August 10, 2010,[3] but the court deferred ruling on the amount of restitution (doc. 1317 at 6). On October 27, 2010 the court held a hearing on the Government's request for restitution. It ruled from the bench that it would not order restitution and advised the parties that a written order would follow (doc. 1492). The clerk entered an amended judgment reflecting that Defendant owed no restitution on November 12, 2010 (doc. 1510). The court issued its written memorandum opinion denying the Government's request for restitution on February 8, 2011, citing the Government's failure to prove its actual loss or to give the court a proper basis upon which to estimate the loss as well as the Government's failure to seek restitution on behalf of the individual victims (doc. 1608). The court specifically stated that its opinion "intended to memorialize and explain the court's ruling made in open court" on October 27, 2010 (doc. 1608 at 2). Defendant did not attempt to appeal his sentence or conviction at any time.[4]

Defendant filed the instant motion to vacate pursuant to the prison mailbox rule on May 3, 2013 (doc. 1762 at 13). In his motion, Defendant raises a single ground for relief, claiming that his sentence is subject to collateral attack due to the existence of newly discovered evidence. The "newly discovered evidence" consists of the arguments made by the Government in support of its unsuccessful restitution request. Defendant claims that he discovered this "evidence" per happenstance when he was conducting other legal research on January 16, 2013 and came across the court's

---

[3] Both the Judgment and the Statement of Reasons were signed on August 7, 2010, a Saturday, but entered on the docket on Tuesday, August 10, 2010.

[4] The district court had thoroughly explained Defendant's right to appeal at sentencing (doc. 1328 at 24).

Case Nos.: 3:08cr79/MCR; 3:13cv306/MCR/CJK

order of February 8, 2011[5] (doc. 1763 at 4–5), and he asserts that this evidence would have assisted him at sentencing.

   The Government has now moved to dismiss Defendant's motion, contending that it is untimely and that the claims raised therein are both procedurally barred and without merit (doc. 1766). Defendant has responded in opposition to the Government's motion (doc. 1770).

LEGAL ANALYSIS

Timeliness of Defendant's Motion

   Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *Murphy v. United States*, 634 F.3d 1303, 1307

---

[5]Defendant asserts that he did not receive a copy of the court's order, perhaps because he is not listed as a party. The Government does not dispute this assertion.

(11th Cir. 2011); *Mederos v. United States*, 218 F.3d 1252, 1253 (2000). In this case, Defendant's Judgment and Commitment Order was signed on August 7, 2010, and entered on the docket on August 10, 2010. Typically, Defendant's fourteen-day period for appealing his conviction and sentence would have expired on August 24, 2010. As noted above, however, the matter of restitution remained unresolved and an amended judgment was entered on November 12, 2010, to reflect the court's ruling that the Government was not entitled to recover restitution (doc. 1510).[6] The Government and all defendants appeared at the restitution hearing (doc. 1608 at 2), but because no transcript was ordered, whether the court advised the parties of any appellate rights as to the amended judgment is unknown. The court's February 8, 2011 order memorializing its October 27, 2010 ruling from the bench does not mention the issue of appeal (doc. 1608).[7]

Defendant asserts that his motion was timely filed pursuant to § 2255(f)(2) and (4). He claims that it was not until he read the district court's February 8, 2011 order that he learned that the Government had only interviewed approximately 20 to 25 of the 11,000 potential victims of the unlawful scheme and that the Government had conceded it was impossible to ascertain which individuals were true "victims" in the case, as opposed to those sharing some degree of culpability (*see* doc. 1763 at 8). Defendant's suggestion that the position taken by the Government is "newly discovered evidence" is disingenuous. Defendant was present at the restitution

---

[6] The record does not reflect that a transcript of the October 27, 2010 hearing (*see* doc. 1492) was ever prepared. In fact, a co-defendant's request for transcription of the hearing was denied as "not approved by CJA-24" (doc. 1567).

[7] The Government has previously taken the position with respect to another co-defendant's case, that "[t]he memorandum opinion explaining one portion of the Court's judgment had no bearing on the timeliness of an appeal or collateral attack" (doc. 1685 at 5). In any event, Defendant Leonard's § 2255 motion was filed well over two years after that date.

hearing at which this issue was discussed at length, and the Government specifically mentioned that it had interviewed only 20 or 25 of the potential victims (doc. 1765 at 3, 10, 14, 16–22). Neither § 2255(f)(2) nor (f)(4) excuses the facial untimeliness of his motion.

Defendant next suggests that the time limitation for filing his motion should be equitably tolled. Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citations omitted); *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) . The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)).

Defendant's argument in favor of equitable tolling also fails. Although Defendant contends that he "never had any notice whatsoever that the United States offered written submissions on their motion for restitution" (doc. 1763 at 9), the

transcript of the restitution hearing reveals otherwise. At the commencement of the hearing, counsel for the Government stated "We've submitted a brief that outlines our position" and summarized its arguments (doc. 1765 at 4). Several of the defense attorneys later referenced the Government's motion or memorandum in their remarks to the court (*id*. at 23, 28, 29, 32). When the court asked Defendant if he had any argument to make on the issue of restitution, he said that he did not and he did not speak out at that time to advise the court that he had not received a copy of the Government's brief (*id*. at 33–34). The Government concedes that the certificate of service on its restitution brief only reflects that it was served on counseled defendants' attorneys via CM/ECF, and "is silent about service on Leonard and the other pro se defendants" (*see* doc. 1418 at 17). The Government explains, however, that it was the regular practice of the prosecution team to serve pleadings on the four pro se defendants in court (doc. 1766 at 7 n.3). In any event, Defendant was certainly on notice that such a pleading had been filed, and he cannot now excuse the late filing of the instant motion by claiming that he did not receive a copy of the Government's brief when he made no attempt to obtain it.

Defendant's second argument in support of equitable tolling is that he did not receive a copy of the court's February 8, 2011 memorandum opinion on restitution. The Government concedes that there is no record evidence that the clerk mailed a copy of this opinion to the pro se defendants. The failure to serve a copy of this order upon the pro se defendants may have been due to clerical oversight. Defendant is correct that it is not ordinarily his responsibility to determine whether there have been any filings in his case. A defendant may not, however, sit idle and expect the court to forgive his inaction. In this case, Defendant was placed on notice at the October

2010 restitution hearing that a written order would follow (doc. 1765 at 44).
Defendant knew he had not received a copy of this order but did not contact the court
even after two years passed to determine the status of the promised order, and
apparently had no intention of doing so. By his own admission, he only happened to
discover the existence of the order in question–a document of record in this very
case–while researching other matters (doc. 1763 at 4). This certainly is not
illustrative of a Defendant who has exercised due diligence. Thus, equitable tolling
is not warranted in this case, Defendant's § 2255 motion is untimely, and it should
be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that
"[t]he district court must issue or deny a certificate of appealability when it enters a
final order adverse to the applicant," and if a certificate is issued "the court must state
the specific issue or issues that satisfy the showing required by 28 U.S.C. §
2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a
certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial
of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84
(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is
also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final
order, the court may direct the parties to submit arguments on whether a certificate
should issue." If there is an objection to this recommendation by either party, that

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The Government's Motion to Dismiss (doc. 1766) be **GRANTED** and Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 1762), be **DENIED and DISMISSED**.

2. No certificate of appealability issue.

At Pensacola, Florida, this 12th day of December, 2013.

/s/ Charles J. Kahn, Jr.

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**